*E-FILED: March 11, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HENRY STEVEN AMADOR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF SAN JOSE; CHIEF OF POLICE CHRIS MOORE; SERGEANT DAVID MOODY; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C11-02374 HRL<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Re:　Docket No. 26] |

　　　　This is a case of mistaken identity as to plaintiff Henry Steven Amador, who happened to be in the wrong place at the wrong time. Briefly stated, he got caught up in the middle of a drug bust and was mistaken by San Jose police officers as one of the suspects who attempted to flee the scene. He filed the instant civil rights lawsuit, alleging claims under 42 U.S.C. § 1983 and several state law claims for relief against the City of San Jose, then-Chief of Police Chris Moore, and Sergeant David Moody.

　　　　A detailed recitation of the underlying facts is unnecessary for the disposition of this motion. Shortly before the instant motion was filed, the parties attempted to finalize a stipulation in which Officer Miguel Flores would be added as a defendant; defendants Moore and Moody would be dismissed; and one or more of plaintiff's claims would be dropped. Suffice to say, the parties did not manage to reach a final agreement on all terms; defendants

1  proceeded with the instant summary judgment motion; and, after prompting by the court,
2  plaintiff filed a motion to amend his complaint after defendants' motion for summary judgment
3  was heard.
4  For reasons stated in the court's order on plaintiff's motion to amend,[1] defendants
5  Moore and Moody are dismissed from this action with prejudice.  Defendants' summary
6  judgment motion is deemed moot with respect to them.
7  As for the City of San Jose (City), plaintiff has presented no cogent evidence of any
8  municipal policy, practice, or custom—the foundation for any Monell[2] liability—much less any
9  evidence giving rise to a triable fact issue as to any municipal liability for the events in
10 question.  Plaintiff's retained expert David Paul opines, in very conclusory fashion, about the
11 purported lack of proper training.  But, that is hardly sufficient to establish a municipal policy,
12 custom, or practice or any alleged failure to train.  See City of Canton v. Harris, 489 U.S. 378,
13 390-91 (1989) ("In resolving the issue of a city's liability, the focus must be on adequacy of the
14 training program in relation to the tasks the particular officers must perform. . . . Would the
15 injury have been avoided had the employee been trained under a program that was not deficient
16 in the identified respect?").  Plaintiff has identified no training program, much less any
17 deficiency in it.  Defendants' motion for summary judgment is granted as to the City.
18 SO ORDERED.
19 Dated: March 11, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] The court's order on plaintiff's motion to amend will be filed concurrently with this one.

[2] Monell v. Dep't of Social Servs., 436 U.S. 658 (1978).

2

1  5:11-cv-02374-HRL Notice has been electronically mailed to:

2  Carlo L Miranda     cmiranda106@gmail.com

3  George G. Benetatos     BenetatosLaw@gmail.com

4  John Gregory Downing     john@downinglaw.com

5  Luan Thien Le     llesf@aol.com

6  Richard D. North     cao.main@sanjoseca.gov, richard.north@sanjoseca.gov

7  Shannon Smyth-Mendoza     cao.main@sanjoseca.gov, shannon.smyth-mendoza@sanjoseca.gov

3