*E-FILED: March 11, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HENRY STEVEN AMADOR,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SAN JOSE; CHIEF OF POLICE CHRIS MOORE; SERGEANT DAVID MOODY; and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>_____/ | No. C11-02374 HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>[Re: Docket No. 31] |

    This is a case of mistaken identity as to plaintiff Henry Steven Amador, who happened to be in the wrong place at the wrong time. Briefly stated, he got caught up in the middle of a drug bust and was mistaken by San Jose police officers as one of the suspects who attempted to flee the scene. He filed the instant civil rights lawsuit, alleging claims under 42 U.S.C. § 1983 and several state law claims against the City of San Jose (City), then-Chief of Police Chris Moore, and Sergeant David Moody.

    Shortly before defendants moved for summary judgment, the parties attempted to finalize a stipulation in which Officer Miguel Flores would be added as a defendant; defendants Moore and Moody would be dismissed; and one or more of plaintiff's claims would be dropped. These negotiations continued even after defendants' summary judgment motion was filed; and, apparently believing that the stipulation was a done deal, Amador prepared his summary

1 judgment opposition papers, focusing exclusively on the conduct of Flores, who was not—and
2 still is not—in the case.

3 Suffice to say, the parties did not manage to reach a final agreement on all terms of a
4 stipulation that would have brought Flores into the case. Defendants proceeded with their
5 summary judgment motion, and about a week after that motion was heard, plaintiff filed the
6 instant motion for leave to amend the complaint. He wants to (1) add Flores; (2) dismiss
7 Moody and Moore; and (3) drop claim 2 (conspiracy) and claim 4 (failure to intercede). These
8 proposed amendments mirror plaintiff's proposals re the failed stipulation. Defendants do not
9 object to the dismissal of Moody and Moore. But they otherwise oppose the motion on the
10 grounds that plaintiff unduly delayed in seeking the amendment and amendment would be futile
11 anyway. The matter is deemed suitable for determination without oral argument. CIV. L.R. 7-
12 1(b). For the reasons stated below, the court grants the motion in part and denies it in part.

13 Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend
14 and provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV.
15 P.15(a)(2). The decision whether to grant leave to amend under Rule 15(a) is committed to the
16 sound discretion of the trial court. See Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981).
17 Leave need not be granted, however, where the amendment would cause the opposing party
18 undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.
19 Foman v. Davis, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of
20 the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting
21 leave to amend." Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

22 Plaintiff waited far too long to seek amendment. Flores was deposed in December 2011.
23 This court is told that in early 2012, the parties discussed who should be added or dropped as
24 defendants. And, plaintiff's retained expert David Paul prepared a report in June 2012 opining
25 about Flores' conduct. Amador says that it was not until Paul was deposed on August 6, 2012
26 that "some of these issues" (i.e., which parties and claims should be added or dropped) were
27 "clarified." (Downing Decl. ¶ 4). Plaintiff does not, however, say what "clarification" Paul's
28 testimony provided. And, by the time Flores was deposed in December 2011—and certainly by

2

the time Paul provided his report six months later—plaintiff reasonably should have known whether Flores should be added to the case. Plaintiff's counsel says that decision-making in this case was delayed because Amador is actually the client of his law partner, Luan Le, who became seriously ill during the litigation. Prudent counsel should have made appropriate plans to have another attorney take the lead in making decisions in the case if Le was unable to do so. In sum, the court finds no justification for plaintiff's decision to wait for the better part of a year before seeking to amend his complaint.

Nevertheless, undue delay alone "is insufficient to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). Flores has already been deposed, and no one contends that adding him will require re-opening discovery. True, on the basis of the known evidence, plaintiff's claims appear very weak. Nevertheless, plaintiff's motion to amend is granted as to Flores. Once Flores has appeared, he may have 30 days to file any dispositive motion.

Defendants Moore and Moody are hereby dismissed with prejudice.

Inasmuch as Amador seeks to include the City as a named defendant in his amended complaint, his motion for leave to amend is denied. For reasons stated in this court's order re defendants' summary judgment motion,[1] the court finds that amendment would be futile as to the City.

Finally, all Doe defendants are dismissed and plaintiff will not be permitted to include any Doe defendants in his amended complaint. To the extent there are any other persons or entities plaintiff believes should be in this case, he certainly should have learned about them long before now.

SO ORDERED.

Dated: March 11, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] The court's order on defendants' summary judgment motion will be filed concurrently with this one.

3

1  5:11-cv-02374-HRL Notice has been electronically mailed to:

2  Carlo L Miranda     cmiranda106@gmail.com

3  George G. Benetatos     BenetatosLaw@gmail.com

4  John Gregory Downing     john@downinglaw.com

5  Luan Thien Le     llesf@aol.com

6  Richard D. North     cao.main@sanjoseca.gov, richard.north@sanjoseca.gov

7  Shannon Smyth-Mendoza     cao.main@sanjoseca.gov, shannon.smyth-mendoza@sanjoseca.gov

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28